**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL CATALONA,<br><br>*Plaintiff*,<br><br>v.<br><br>PAYPAL INC.,<br><br>*Defendant*. | Civil Action No. 21-cv-570<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Defendant PayPal Inc.'s ("PayPal") motion to dismiss the Amended Complaint. D.E. 19. *Pro se* Plaintiff Daniel Catalona filed a brief in opposition to the motion, D.E. 20, to which Defendant replied, D.E. 23.[1] The Court reviewed the submissions made in support and opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Defendant's motion is **GRANTED**.

---

[1] PayPal's brief in support of its motion to dismiss (D.E. 19-1) will be referred to as "Def. Br."; Plaintiff's brief in opposition (D.E. 20) will be referred to as "Plf. Opp." and PayPal's reply (D.E. 23) will be referred to as "Def. Reply."

## I. FACTUAL BACKGROUND[2] AND PROCEDURAL HISTORY

Plaintiff owns a small business that sells tobacco pipes online, and he appears to utilize PayPal for his business. Am. Compl. ¶¶ 1, 8. Plaintiff alleges that PayPal does not allow individuals to use its payment processor to sell drug paraphernalia but does not have a similar prohibition for tobacco pipes. *Id.* ¶¶ 3-5. On December 2, 2019, PayPal limited three of Plaintiff's accounts, alleging that Plaintiff violated PayPal's drug paraphernalia prohibition. *Id.* ¶ 9. PayPal representatives allegedly told Plaintiff that PayPal would hold his funds for 180 days to cover any disputes and chargebacks. *Id.* ¶ 10. On May 21, 2020, PayPal seized $452.49, $581.48, and $557.30 from Plaintiff, claiming that Plaintiff damaged its business reputation. *Id.* ¶ 14. While not clear, it appears that PayPal took this money from the held funds.

In addition, PayPal was authorized to debit Plaintiff's bank account for preauthorized monthly eBay payments via electronic check. On November 15, 2019, PayPal took $401.10 from Plaintiff's bank account for a preauthorized monthly payment. *Id.* ¶ 12. Plaintiff alleges that PayPal canceled the transaction but kept the money "for damages to [PayPal's] reputation." *Id.* This money has not been returned to Plaintiff.

Plaintiff filed his initial Complaint in this matter on January 11, 2021, asserting claims for fraud, unjust enrichment, and breach of contract.[3] He sought $30,000 in punitive and compensatory damages. D.E. 1. On March 12, 2021, PayPal filed a motion seeking to dismiss the

---

[2] The factual background is taken from Plaintiff's Amended Complaint ("Am. Compl."), D.E. 15. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (explaining that "[i]n reviewing a facial attack" to the Court's subject matter jurisdiction under Rule 12(b)(1), "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff").

[3] An additional complaint also appears at D.E. 6, but this document appears to be a duplicate of the initial complaint.

2

Complaint for lack of subject-matter jurisdiction, or in the alternative, to compel arbitration. D.E. 11.  Plaintiff subsequently filed his Amended Complaint on March 30, 2021.  D.E. 15.  In the Amended Complaint, Plaintiff asserts two new claims for theft and now seeks $300,000 in punitive and compensatory damages.  Am. Compl. ¶¶ 28-29, Relief Requested.  The factual allegations in the Amended Complaint as to the amounts allegedly taken by PayPal are identical to those pled in the initial Complaint.

Because Plaintiff filed his Amended Complaint in accordance with Federal Rule of Civil Procedure 15, the Court administratively terminated PayPal's motion to dismiss.  D.E. 18.  PayPal then filed the instant motion, seeking again to dismiss the Amended Complaint for lack of subject matter-jurisdiction, or in the alternative, to compel arbitration.  D.E. 19.  Plaintiff opposes Defendant's motion on both grounds.  D.E. 20.

## II.  LEGAL STANDARD

The Court first addresses Defendant's argument to dismiss this matter for lack of subject-matter jurisdiction.[4]  In deciding a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.  A facial attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites."  *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (citing *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)).  Defendant raises a facial attack in its motion to dismiss.

---

[4] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998).

For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the plaintiff to prove that the Court has jurisdiction. *Id.* (citing *Petruska*, 462 F.3d at 302). Thus, a district court must find that "the allegations on the face of the complaint, taken as true, allege sufficient facts to invoke the jurisdiction of the District Court" to overcome a facial attack. *Culver v. U.S. Dep't of Labor Occupational Safety & Health Admin.*, 248 F. App'x 403, 406 (3d Cir. 2007) (citing *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).

## III. ANALYSIS

"Federal courts are not courts of general jurisdiction." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986). Rather, to adjudicate a case, a federal district court must have subject-matter jurisdiction through "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Therefore, a district court must presume that it lacks jurisdiction over a matter unless jurisdiction is shown to be proper. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Here, Plaintiff pleads that subject-matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1332. Am. Compl., Jurisdiction. Defendant argues that jurisdiction is lacking under both statutes. Def. Br. at 3-4.

A court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, if the complaint "establishes that federal law create[s] the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 143 F. Supp. 3d 198, 202 (D.N.J. 2015). In determining whether a complaint alleges a federal question, courts are guided by the well-pleaded

4

complaint rule. According to the rule, "a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013). Plaintiff does not assert any federal claims here. Rather, Plaintiff asserts multiple common law claims arising under state law. Thus, on its face, the well-pleaded complaint rule is not satisfied, and this Court does not have federal question jurisdiction over the matter.

Federal district courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). For purposes of determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 517 (D.N.J. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). A plaintiff fails to meet the amount in controversy requirement only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *Id*.

In this instance, Plaintiff pleads that he is seeking $300,000 in compensatory and punitive damages. Am. Compl., Relief Requested. The factual allegations in the Amended Complaint, however, demonstrate that Plaintiff's actual loss amounts to less than $2,000. *Id.* ¶¶ 13-14. Moreover, in his opposition brief, Plaintiff contends that PayPal stole approximately $2,000, such that the remainder of his requested relief is for punitive damages. Plf. Opp. at 1-2. Defendant maintains that because Plaintiff only seeks the return of $1,992.37 from PayPal, Plaintiff cannot in good faith claim that he suffered losses of over $75,000. Def. Br. at 4.

A claim for punitive damages "may be aggregated with claims for compensatory damages, provided the claims for punitive damages are not 'patently frivolous and without foundation.'" *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (quoting *Golden ex rel. Golden v. Golden*, 382

5

F.3d 348, 355 (3d Cir. 2004)) (emphasis in original omitted). "If appropriately made, however, claims for punitive damages 'will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claims is below the statutory minimum.'" *Id.* (*quoting Golden*, 382 F.3d at 355) (emphasis in original omitted). The Court concludes that Plaintiff's requested damages do not have a sufficient foundation. In the initial Complaint, Plaintiff stated that he sought $30,000 in compensatory and punitive damages. *See* Compl., Relief Requested, D.E. 1. After Defendant filed a motion to dismiss, arguing that Plaintiff did not meet the amount in controversy requirement, D.E. 11-1 at 8, Plaintiff filed the Amended Complaint, which now seeks $300,000 in damages, Am. Compl., Relief Requested. As discussed, Plaintiff's factual allegations, namely the specific amount of his alleged loss, are the same in both pleadings. Accordingly, there does not appear to be any basis for the substantial increase in damages sought in the Amended Complaint other than a clear attempt to meet the amount in controversy requirements.

If the Court were to accept Plaintiff's requested monetary relief of $300,000, it would mean that Plaintiff is seeking a punitive damages award of almost 150 times his compensatory damages. Accordingly, the Court also concludes that Plaintiff's punitive damages claim is not colorable. Punitive damages may be awarded under Delaware law to punish a party for "outrageous conduct and to deter him and others like him from similar conduct in the future." *Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 529 (Del. 1987).[5] Thus, punitive damages may only be awarded if the defendant's

---

[5] The PayPal User Agreement states that Delaware law governs any claim or dispute that arises between users and PayPal. Kelley Decl., Ex. A at 40. Because Plaintiff's claims involve the alleged violations of PayPal's terms of service, the choice of law provision of the User Agreement likely applies. *See Collins ex rel. Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183-84 (3d Cir. 2017) (explaining that under New Jersey choice-of-law rules, "when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice").

conduct is "outrageous because of evil motive or reckless indifference to the rights of others." *Id.* Here, the Amended Complaint does not sufficiently suggest that PayPal acted with the requisite state of mind to warrant an award of punitive damages. In fact, Plaintiff explains that he seeks punitive damages because PayPal "caused a serious loss of revenue" to Plaintiff. Plf. Opp. at 2. While PayPal's conduct appears to have placed Plaintiff in a dire financial position, Plaintiff does not allege that PayPal did so with an evil motive or with reckless indifference to Plaintiff.

In addition, punitive damages must be "reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003). In fact, in *Campbell*, the Supreme Court rejected a 145-to-1 ratio between compensatory and punitive damages, explaining that "few awards exceeding a single-digit ratio . . . will satisfy due process." *Id.* at 425-26. Higher multiples, however, "may be justified if actual damages are small and the offending conduct is particularly egregious." *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 87 (3d Cir. 2017). As discussed, Plaintiff does not allege facts demonstrating that any particularly egregious conduct occurred. Accordingly, even if Plaintiff were entitled to an award of punitive damages, a single digit multiple appears to be likely and an almost 150-to-1 ratio, which Plaintiff alleges here, would simply not be justified.[6]

The Court, therefore, determines that it is clear to a legal certainty that Plaintiff's damages would not exceed the jurisdictional threshold. *See Chucks, LLC v. Art Zulu, Inc.*, No. 09-3858, 2010 WL 11570153, at *1 (D.N.J. Mar. 25, 2010) (concluding that "even when considered in combination with its claim for $27,000 in compensatory damages," Plaintiff's request for punitive damages was not enough to reach the jurisdictional amount where facts did not support finding of

---

[6] The Court notes to even to reach the $75,000 amount in controversy requirement, any punitive damages award would need to be more 35 times the amount of Plaintiff's compensatory damages.

7

malice or wanton disregard). Plaintiff, therefore, fails to establish that this Court has diversity jurisdiction over the matter.

In sum, Defendant's motion to dismiss is granted because this Court lack subject-matter jurisdiction over this matter.[7]

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion, D.E. 19, is **GRANTED** pursuant to Rule 12(b)(1) and the Amended Complaint is **DISMISSED** for lack of subject-matter jurisdiction. An appropriate Order accompanies this Opinion.

Dated: September 30, 2021

_____
John Michael Vazquez, U.S.D.J.

---

[7] Because jurisdiction is lacking, the Court will not address Defendant's argument that this Court should compel arbitration.